In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00013-CR
______________________________


JADON MARQUE BALLARD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 208th Judicial District Court
Harris County, Texas
Trial Court No. 915943


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Jadon Marque Ballard has appealed from his conviction by the trial court for
possession of a controlled substance, between one and four grams, as a habitual offender. 
The court assessed his punishment at twenty-five years' imprisonment. 
          On appeal, Ballard's appellate counsel summarized pretrial and trial activities in his
brief. He then filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which, 
after reviewing the facts, with appropriate citation to the record and the procedures
followed in the prosecution of the case, and the application of appropriate legal authorities
as necessary, he concluded the record was devoid of any arguable point of error. His brief
contains a professional evaluation of the record and contains four points of error that
arguably support reversal, thus complying with the requirements of Anders, 386 U.S. 738; 
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573 S.W.2d
807 (Tex. Crim. App. [Panel Op.] 1978).
          Counsel provided a copy of his brief to Ballard June 23, 2003, and notified Ballard
of his right to review the record and to file a brief pro se. Ballard filed a brief pro se
August 11, 2003.
          The following sequence of events is shown by the record. The arresting officer,
Nathaniel Sanchez, saw a vehicle with two female occupants stopped in the road, with
Ballard standing with his bicycle next to the driver's side window. The officer questioned
the three of them and did a pat-down search of Ballard. He testified he found nothing, but
because there were three individuals there and because of his fear that matters might
escalate, he placed Ballard in the back of his police car while he was running a records
search. The search took only two or three minutes and revealed that Ballard had
outstanding warrants. The officer testified he took a bag from the handlebars of Ballard's
bicycle and found a Right Guard can, in which he found crack cocaine. The officer also
testified he noticed the bag hanging from the handlebars when he first approached Ballard. 
Ballard testified that he had never seen the can before and that it must have been on the
ground under his bicycle where he laid it down on the street when the officer took him to
the police car.
          In his pro se brief, Ballard argues the evidence is insufficient to support his
conviction. In our review of the legal sufficiency of the evidence, we view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing for factual
sufficiency, we view the evidence in a neutral light, favoring neither party. Id. We set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id. 
          In this case, there is testimony that leads to the conclusion Ballard was in
possession of the contraband, and there is testimony from Ballard that it did not belong to
him. When evidence is in conflict, it is the duty of the fact-finder to decide. The evidence
is legally sufficient, and we cannot say the fact-finder's determination is so against the
overwhelming weight of the evidence as to be clearly wrong and unjust. The contention
is overruled. 
          Ballard also contends the evidence was received through some type of unlawful
search and should therefore not have been admitted. He argues that his detention was
unlawful because the stop was merely as the result of an "inarticulate hunch" of the officer
and that everything obtained after that point should have been suppressed. No motion
was made to suppress, and this contention was not otherwise brought to the attention of
the trial court. The contention has not been preserved for appellate review. See Tex. R.
App. P. 33.1.
          Ballard also contends he was denied effective assistance of counsel. The standard
of testing claims of ineffective assistance of counsel is set out in Strickland v. Washington,
466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an
objective standard of reasonableness, and (2) that the deficient performance prejudiced
her or his defense. Id.; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To
meet this burden, the appellant must prove that his or her attorney's representation fell
below the standard of prevailing professional norms and that there is a reasonable
probability that, but for the attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard,
a claimant must prove that counsel's representation so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a just
result. Strickland, 466 U.S. at 686. 
          In this case, Ballard argues his lawyer was ineffective because he filed no motion
to suppress the evidence. The evidence shows, however, that Ballard was stopped with
his bicycle in the middle of a public thoroughfare talking to people in a stopped car. It is
a violation of the Penal Code to obstruct a street,


 and the Transportation Code contains
several sections providing that it is a traffic offense to park or stop a vehicle on the roadway
in a number of circumstances.


 Thus, there are various bases that might have been
brought forward by the State to justify Ballard's detention had that matter been raised.
          In order to prevail on an ineffective assistance of counsel argument, the allegation
of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). That another attorney, including appellant's counsel on appeal, might
have pursued a different course of action does not necessarily indicate ineffective
assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex. App.‒Texarkana 1999, no pet.). 
          In addition, as far as strategic or tactical reasons for counsel's action or inaction, in
the absence of direct evidence of counsel's reasons for the challenged conduct, an
appellate court will assume a strategic motivation if any can be imagined. Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In this case, the record suggests that a
motion to suppress would have been unavailing. The record does not affirmatively show
to the contrary; thus, on the record presented, we cannot conclude counsel was ineffective
for failing to bring a motion that was not likely to prevail.


 The contention of error is
overruled.
          We have reviewed the record and agree with counsel there are no arguable sources
of error in this case.
          We affirm the judgment of the trial court. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 10, 2003
Date Decided:         November 20, 2003

Do Not Publish